UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYROSH BROWN,

    Plaintiff,

v.

CITY OF GRAND RAPIDS,
JOSEPH DAILEY and
KENT BERACY,

    Defendants.

Case No. 1:13-cv-964

Hon. Robert J. Jonker

### REPORT AND RECOMMENDATION

This is a civil rights action brought by a *pro se* plaintiff pursuant to 42 U.S.C. § 1983. Recent filings have transformed this case into a procedural morass. This is due, in part, to the parties' failure to comply with the requirements of both the federal and local court rules. Now pending before the Court are defendant City of Grand Rapids "Motion under Fed. R. Civ. P. 12(b)(6) for judgment on the pleadings"(docket no. 11); plaintiff's "Motion to summery dissposition" [sic] (docket no. 19); and defendant Officer Dailey and Beracy's "Cross-motion for summary judgment on qualified immunity" (docket no. 22).

    **I.**    **Background**

*Pro se* plaintiff's complaint set forth the following allegations (in his words):

In the case presented plaintiff fles this lawsuit against against the City of Grand Rapids and officers Joseph Dailey and kent Beracy for violating his constitutional rights, and for police brutality, rape assault, discrimination, and threatening intimidation.}

Plaintiff was pulled over by officers Joseph dailey on 12/30/2011. When Plaintiff was pulled over Plaintiff asked officer why he was pulled over. Officer Joseph dailey asked the plaintiff for insurance, license, and registration. The plaintiff

reached into his glove box for this information, but officer Jospeh daily around bout the same time almost immediately asked plaintiff to step out of the car.  The plaintiff then asked why he needed to exit vehicle multiple times.  Officer Kent Bercey ran over to the driver side door where officer Joseph Daily and the plaintiff were located.  Officer Kent Bercey heard the plaintiff ask officer Joseph dailey why he need to exit the vehicle.  When the officer Kent Bercey made it to the driver side door he grabbed the plaintiff and began pulling and snatching him out of the vehicle with officer Joseph Dailey and said "Do it now. Motherfucker," without even assessing the situation.  After the officer snatched the plaintiff out of the car, The officers violently twisted the plaintiff's arms behind his back, hurting the plaintiff.  Officer Joseph Dailey injured his own hand in the process of violintly and agressisivley snatching the plaintiff out of his car.  Officer Joseph Dailey took the plaintiff to the side of the police car and became more belligerent and aggressive and began to assault him, sexually assault him and raping him with his hands.  Officer Jospeh dailey hit the plaintiff in his nuts and began to fondle and squeeze his nuts, Joseph dailey chopped up into the crack of Plaintiffs ass.  While Officer Joseph Dailey was sexually assualting the plaintiff officer Kent Bercey helped restrained the plaintiff and stomped on his foot, and left his foot on Plaintiffs foot.  The plaintiff told the officers that they was hurting him, and asked officers did he like doing this to Him.  Officers replied, "yeah".  The Plaintiff then asked the officer why they were doing this to him.  After the assault they put him in the back of the police car.  While sitting in the back of the car the plaintiff asked officer Joseph Dailey again why he "squeezed his nuts" and "chopped him in the crack of his ass".  Officer Dailey said he "do everybody like this.

This case has multiple exhibits proving the story of the solid truths.  Video of the traffic stop showing verbeley an phisicaly the wicket violence they inflicted on the plaintiff.

2nd degree rape by Officer Joseph Dailey, while officer kent Beracy conspired and accompanied.  The law says a person is guilty of rape in the (2nd Degree) if the person engages in sexual contact with another person if the actor is in (position of authority) (over the victim) and the actor used this authority to coerce the victim to submit, and this ant the first time grand rapids police have done this same thing to the Plaintiff.  Officer Daily and Officer Beracy did not have any reasons to pull the plaintiff out of his vehicle.  Cause the officers had no reason to believe he was concealing any weapon or any drugs and none of these things were found in the plaintiff's car on his body or in his clothes  Plaintiff was on his way home from work. And this show their criminal intent against the plaintiff.  And they didn't read the plaintiff his Miranda rights.}

Compl. at pp. 1-2 (docket no. 1).   Plaintiff seeks $1 billion from the City of Grand Rapids ("the

City"), and $100 million each from Officer Dailey and Officer Beracy.  *Id.* at p. 3.

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff's complaint fails to allege any particular constitutional or statutory violation. It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the duty to be "less stringent" with *pro se* complaints does not require this court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979). Not can a court rewrite a complaint to include claims that were never presented. *Rogers v. Detroit Police Deptartment*, 595 F. Supp.2d 757, 766 (E.D. Mich. 2009). To hold otherwise would require the court to explore all potential claims of a *pro se* plaintiff and transform the district court to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. *Id.* Construing the *pro se* complaint under this less stringent standard, Court concludes that plaintiff has alleged two § 1983 claims arising under the Fourth Amendment for unlawful seizure and excessive force, as well as a state tort claim of assault and battery.[1] Officers Dailey and Beracy filed an answer denying the allegations and raising

---

[1] Under Michigan law, an assault is defined as "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact" and a battery is defined as "the wilful and harmful or offensive touching of another

numerous affirmative defenses including qualified immunity. The City did not file an answer, having responded to the complaint by moving for judgment on the pleadings.

### II. City of Grand Rapids' motion for judgment on the pleadings (docket no. 11)

#### A. Legal Standard

Although styled as a motion "for judgment on the pleadings" which would be brought pursuant to Fed. R. Civ. P. 12(c), the City of Grand Rapids' dispositive motion actually seeks dismissal of the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). A plaintiff's obligation to provide the defendants with a statement of his claim is obligated to provide "more than labels and conclusions." *Id.* Rather,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

---

person which results from an act intended to cause such contact." *Smith v. Stolberg*, 231 Mich.App. 256, 260, 586 N.W.2d 103, 105 (1998), quoting *Espinoza v. Thomas*, 189 Mich. App. 110, 119, 472 N.W.2d 16 (1991).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

Plaintiff filed a document which purports to respond to the City's motion and defendant Officers' answer. *See* "Plaintiffs Reply and Rebuttle to defendants answer and Request that claim should be dissmissed" [sic] (docket no. 16). Contrary to its title, this three-page document did not address the City's motion; rather, the document simply stated plaintiff's disagreement with statements made in Officer Dailey and Beracy's answer. *Id.* In addition, plaintiff did not serve this document on defendants as required by Fed. R. Civ. P. 5(a).

**B.     Procedural issue**

As a preliminary matter, the City did not comply with W.D. Mich. LCivR 7.1(d), which states:

> Attempt to obtain concurrence - With respect to all motions, the moving party shall ascertain whether the motion will be opposed. . .  All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule.

W.D. Mich. LCivR 7.1(d). "[L]ocal rules. . .  are designed as internal housekeeping rules to promote the efficient operation of the district courts." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir.1984). "District courts are empowered by statute to prescribe rules governing their practice and the conduct of their business. 28 U.S.C. § 2071; Fed.R.Civ.P. 83. . .  Rules of practice adopted by

5

the district courts have the force and effect of law, and are binding not only upon the parties, but also upon the court which adopted them." *Green Construction Company v. Williams Form Engineering Corporation*, 101 F.R.D. 12, 13 (W.D. Mich. 1984).

The City's motion to dismiss is subject to be stricken for failure to comply with the W.D. Mich. LCivR 7.1(d). However, in this instance, the Court will allow the motion to proceed because even if the City had not filed a motion to dismiss, the Court would recommend dismissal of the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim in § 1915(e)(2)(B)(ii)). *See, e.g., Lacy v. Apple*, No. 1:12-cv-867, 2012 WL 5471778 at *1 (W.D. Mich. Nov. 9, 2012) ("since [p]laintiff is proceeding *in forma pauperis*, the Court must *sua sponte* dismiss his Complaint if it determines that [p]laintiff has failed to state a claim for which relief may be granted" ).

### C. Discussion

In its motion, the City contends that plaintiff has not alleged a policy or custom that would subject it to liability under § 1983. A municipality's liability under § 1983 must be based on more than *respondeat superior*, or the right to control employees. *See Monell v. Department of Social Services*, 436 U.S. 658, 691, 694-95 (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Hays v. Jefferson County, Ky.*, 668 F. 2d 869, 874-875 (6th Cir. 1982). A plaintiff who sues a city for constitutional violations under 42 U.S.C. § 1983 must establish that a governmental policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998), citing *Monell*, 436 U.S. at 690-691. "In other words, a municipality can be liable under § 1983 only where its policies are 'the moving force' behind the constitutional violation." *Sova*, 142

F.3d 898 at 904, citing *Monell*, 436 U.S. at 694.  A municipal policy includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). In contrast, an actionable custom "has not received formal approval through . . . official decision-making channels." *Powers*, 501 F.3d at 607 (quoting *Monell*, 436 U.S. at 690-91).  "A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue."  *Powers*, 501 F. 3d at 607.

Here, plaintiff's complaint does not allege that the City enacted a policy or custom which violated his constitutional rights.  While plaintiff seeks $1 billion in damages from the City, his complaint contains no allegation against the City other than "this [ain't] the first time grand rapids police have done this same thing to the Plaintiff."   This type of cryptic pleading falls below the minimum required by Fed. R. Civ. P. 8(a)(2).  "As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 667-68 (internal citations omitted).  Furthermore, plaintiff's claim is subject to dismissal for failure to state a cause of action because he seeks to hold the City liable as the employer of the defendant police officers. This allegation brought under a theory of *respondeat superior* cannot support a § 1983 claim against the City.  *See Monell*, 436 U.S. at 691, 694-95; *Shehee*, 199 F.3d at 300; *Hays*, 668 F. 2d at 874-75. Accordingly, the City's motion (docket no. 11) should be granted.

### III. Plaintiff's dispositive motion and Officer Dailey and Beracy's response and cross-motion for summary judgment

After the City filed its dispositive motion, plaintiff filed a three-page "Motion to summery dissposition" [sic], which the Clerk's Office inexplicably docketed as a "motion to

7

dismiss." Like the City, plaintiff did not seek concurrence under W.D. Mich. LCivR 7.1(d). In addition, plaintiff's motion did not comply with either Fed. R. Civ. P. 7(b)(1), which requires that a motion state with particularity the grounds for seeking the order and state the relief sought, or with W.D. Mich. LCivR 7.1(a), which requires that his motion be accompanied by a supporting brief which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." Here, plaintiff's motion simply re-asserts his allegation that the defendant officers raped him, refers to the officers' alleged actions as "delusional," and demands that they face justice. Had plaintiff complied with Fed. R. Civ. P. 7(b)(1), W.D. Mich. LCivR 7.1(a) and W.D. Mich. LCivR 7.1(d), then defendants migtht have understood his position and the Clerk's Office may have docketed this motion differently.

"Although a *pro se* litigant's filings are to be construed liberally, he must still comply with the basic rules of the Court." *Fitts v. Sicker*, 232 Fed.Appx. 436, 441-442 (6th Cir. 2007). *See McNeil v. United States*, 508 U.S. 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). A *pro se* litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). *See, e.g., Carmona v. Wright*, 233 F.R.D. 270, 275 (N.D. N.Y. 2006) ("*pro se* litigants must comply with local rules, and the failure to do so is sanctionable"). In short, plaintiff's motion is nothing more than a re-

8

statement of his position as alleged in the complaint. Although docketed as a motion, there is nothing for the Court to review. Accordingly, this motion should be denied as improvidently filed.

To complicate matters, Officers Dailey and Beracy provided their label for plaintiff's filing, characterizing it as a "motion for partial summary judgment" and then filed a lengthy response to it. *See* Response (docket no. 20). This response was improvidently filed because plaintiff never moved for partial summary judgment. Officer Dailey and Beracy's response was, in actuality, a motion for summary judgment on the issue of qualified immunity, which they supported with affidavits and other documents. *See* Response and attachments (docket nos. 20, 20-1, 20-2, 20-3 and 20-4). In addition, the officers' response addressed claims which were not alleged in plaintiff's complaint.[2]

Approximately one month later, Officers Dailey and Beracy filed a "cross-motion for summary judgment on qualified immunity." *See* Cross-Motion (docket no. 22). The cross-motion was filed because the officers determined that they should raise the issue of qualified immunity in a motion rather than in a response. *Id.* at p. 2. In this regard, the officers conceded that the manner in which they raised the issue of qualified immunity "appeal[ed] solely to the Court's *sua sponte* powers under Rule 56(f)." *Id.* In other words, it appears that Officers Dailey and Beracy were relying on the Court to grant them summary judgment independent of plaintiff's

---

[2] In an apparent abundance of caution, the officers' response identified potential claims under the Fifth Amendment and the Equal Protection Clause. *See* Response at pp. 12-13. In the Court's opinion, while the complaint included the words "discrimination" and "threatening intimidation," and alleged that Officers Dailey and Beracy "didn't read plaintiff his Miranda rights," these passing references are not sufficient to state claims for constitutional violations under the pleading requirements in *Iqbal* and *Twombly*. *See*, *e.g.*, *Reid v. Stanley*, No. 1:11-cv-2043, 2011 WL 6371793 at *5 (N.D. Ohio Dec. 20, 2011) ("[e]ven under the liberal standards applied to *pro se* pleadings, plaintiff must allege either direct or inferential allegations respecting all the material elements of a viable legal theory to satisfy federal notice pleading requirements"), citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988).

pending motion. *See* Fed. R. Civ. P. 56(f). In addition, the cross-motion was not supported by a brief, but simply incorporated "by reference" the officers' previously-filed response.

The officers further complicated the situation by failing to comply with the concurrence requirements of W.D. Mich. LCivR 7.1(d). Rather than clarify the situation by seeking concurrence with plaintiff, the officers avoided contacting him stating as follows:

> Pursuant to L.Civ.R. 7.1(d), defendants assert that plaintiff's motion for partial summary judgment (Doc. No.19) on the issue of immunity demonstrates that Mr. Brown opposes this cross-motion on the same issue.

Cross-Motion at p. 2. As discussed, the officers' use of the term "cross-motion" was a misnomer, because plaintiff had not filed a motion for partial summary judgment.

Finally, the record reflects that plaintiff filed a "reply to [defendants'] opposition," which appears to address the issue of qualified immunity, and which may have been intended as a reply to the officers' response or a response to the officers' cross-motion for summary judgment. *See* Plaintiff's Reply (docket no. 24); Fed. R. Civ. P. 56; W.D. Mich. LCivR 7.2(a).

Given this procedural background, it appears (1) that plaintiff's dispositive motion (docket no. 19) was incorrectly docketed as a motion to dismiss; (2) that Officer Dailey and Beracy's response (docket no. 20) was in reality a motion for summary judgment on grounds of qualified immunity; (3) that Officer Dailey and Beracy's cross-motion for summary judgment (docket no. 22) was not actually a "cross-motion" but rather a new motion for summary judgment; (4) that plaintiff's reply (docket no. 24) was either a reply to the officers' response or a response to the officers' cross-motion for summary judgment; and (5) that neither plaintiff nor the officers sought concurrence with the opposing party as required by W.D. Mich. LCivR 7.1(d).

Given this procedural history, plaintiff's dispositive motion (docket no. 19) should be denied as improvidently filed. In addition, it appears to the Court that it would be difficult, if not impossible, to fairly adjudicate the claims raised in Officer Dailey and Beracy's cross-motion for summary judgment. The officers' filing began as a response to a non-existent motion for partial summary judgment, was incorporated into a cross-motion for summary judgment which was not a cross-motion but rather a new motion, and addressed some claims which this Court does not find present in the complaint. Under these circumstances, it appears to the Court that the officers' cross-motion for summary judgment was improvidently filed and that plaintiff did not have an opportunity to respond to the officers' motion as contemplated by Fed. R. Civ. P. 56 and W.D. Mich. LCivR 7.2(a) (setting forth the briefing schedule for a dispositive motion). Accordingly, the officer's cross-motion for summary judgment (docket no. 22) should be denied without prejudice.

### IV.    Recommendation

For the reasons set forth above, I respectfully recommend that defendant City's motion for judgment on the pleadings (docket no. 11) be **GRANTED** and the City be dismissed from this action**;** that plaintiff's "Motion to summery dissposision" [sic] (docket no. 19) be **DENIED**; that Officer Dailey and Beracy's cross-motion for summary judgment (docket no. 22) be **DENIED** without prejudice; and that a Rule 16 conference be promptly scheduled for the remaining parties to this action, before the undersigned, if this Report and Recommendation is adopted, an answer having been filed.

Dated:  August 20, 2014                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).