UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYROSH BROWN,

                Plaintiff,                Case No.  1:13cv964

v.                                          Hon. Robert J. Jonker

CITY OF GRAND RAPIDS, *et al.*,

                Defendants.
_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

      This is a pro se civil rights claim against the City of Grand Rapids and two of its officers. Plaintiff is proceeding IFP, and so the provisions of 28 U.S.C. sec. 1915(e)(2)(B)(ii) are in effect.  In addition, each party has filed a series of motions or other documents asking the Court to take some action in the case.  The Magistrate Judge prepared and filed a Report and Recommendation addressing all open issues, aptly noting that the  series of filings quickly "transformed the case into a procedural morass."

      The Report and Recommendation was served electronically on the defendants' counsel on August 20, 2014, and the defendants lodged no objections to it.  It was served on Plaintiff by mail on August 21, 2014, at the address he originally provided.  Plaintiff lodged no timely objections.  Based on the absence of timely objections alone, the Report and Recommendation is ready for adoption by the Court.  Over two weeks after the deadline for objections, however, Plaintiff did file a motion requesting additional time to file objections, noting among other things that his address had changed.  In this case, the Court has reviewed all matters of record and is satisfied that there is no credible basis for objection to the Report and Recommendation, and no reason to extend the time for objections.  The fairest and most practical way for the case to proceed is with acceptance of the Report and Recommendation.  This will allow the Magistrate Judge to conduct a Rule 16 conference and develop a schedule for the case.

      Plaintiff does not articulate his claims as required by rule, but the Court concurs with the Report and Recommendation that Plaintiff is attempting to assert federal excessive force claims of some kind against each of the individual officers, and an entirely undefined claim against the

municipal defendant.  (To the extent Plaintiff is seeking to assert state law claims, the Court would decline to exercise supplemental jurisdiction over them, and there would be no independent basis for federal subject matter jurisdiction.)  The only possible federal claim against the City would be a *Monell* claim, as the Report and Recommendation notes, because the City does not have vicarious liability under Section 1983 for any wrongdoing by its officers.  But there is a complete absence of allegations to support a possible *Monell* claim.   Accordingly, any federal claim against the City must be dismissed under Rule 12(b)(6) for failure to state a claim, as well as under 28 U.S.C. sec. 1915(e)(2)(B)(ii).

The possible federal claims against the officers individually are not ripe for dismissal or summary judgment at this time, as the Report and Recommendation concludes.  Plaintiff asserts facts that, if ultimately proven, could support Section 1983 liability against one or both officers individually.  The officers deny the factual assertions.  At this time, neither party has had the opportunity for federal disclosure or discovery practice.  And, as the Report and Recommendation concludes, neither party has at this time presented a proper summary judgment filing in any event.  Accordingly, the Court agrees with the Magistrate Judge that any and all motions by any party on the individual federal claims  must at this time be denied.

There is no reason to extend the time for possible objections by Plaintiff.  First, Plaintiff made the request for extension late--after the objection period had already expired.  Second, to the extent Plaintiff received delayed actual notice of the Report and Recommendation, it was entirely his own fault for not providing the Court with a current address.  Third, there is no record basis for valid objection anyway.  Finally, Plaintiff is not really harmed by the Report and Recommendation, considering  that his individual claims remain open for litigation, and his entity claim could be reinstated if he timely amends his complaint to assert allegations supporting a claim.

Accordingly, **IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge is **ADOPTED** as the decision of the Court.

2. The City of Grand Rapids is **DISMISSED** as a party defendant, subject to Plaintiff's right to file an amended complaint against the City within a time period to be set by the Magistrate Judge at the Rule 16 Conference.

3. Except as provided in the preceding paragraph, all pending motions are **DENIED**.

/s/Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated:  September 18, 2014